IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01064-BNB

CHRISTOPHER WILLIAM DODSON,

    Plaintiff,

v.

THE STATE OF COLORADO,
COLORADO JUDICIAL BRANCH, a.k.a. COLORADO JUDICIAL DEPARTMENT,
4th JUDICIAL DISTRICT,
EL PASO COUNTY DISTRICT COURT, and
DOES 1-10,

    Defendants.

ORDER OF DISMISSAL

    Plaintiff, Christopher William Dodson, currently resides in Colorado Springs, Colorado.  Mr. Dodson, through counsel, has filed a Complaint asking the Court to intervene in his pending state court criminal case.  For the reasons stated below, the Complaint and action will be dismissed.

    Mr. Dodson asserts that his rights under the Fourteenth Amendment and the Americans with Disabilities Act (ADA) of 1990 were violated when the criminal trial judge denied the majority of his ADA accommodation requests, including (1) the ability to video or audio-record every legal proceeding with his own recording device; (2) the ability to ask for continuances; (3) no future proceedings where forty people are in the courtroom; (4) no intimidation during questioning; (5) extra time to process and answer a question; (6) prohibition on the use of irony, metaphors, and similes or sarcasm; and

(7) the disallowance of ridicule, disrespectful treatment, accusations of malingering, manipulation, or lying. Mr. Dodson seeks an injunction ordering Defendants to provide him with the requested accommodations in Colorado Criminal Case No. 2009CR164 and a transfer of the case to a different venue for a fair trial. Mr. Dodson also seeks actual and compensatory damages.

Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971); *see Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). Abstention is appropriate if three conditions are met: "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps*, 122 F.3d at 889.

The first condition is met because Mr. Dodson states that the charges remain pending against him in state court. The second condition is met because the Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45). The third condition is met because Mr. Dodson fails to demonstrate the absence of an adequate opportunity to present his claims in the state proceedings. Mr. Dodson presented his requests for accommodations to the trial judge and when some of the requests were denied he filed a grievance with the Office of the State Court Administrator. Subsequent to the grievance and prior to the trial judge's recusal, the trial judge entered a Case

Management Order that addressed in detail Mr. Dodson's ADA requests.  *See* Am. Compl. at 10, Doc. No. 11, and Ex. 4, Doc. No. 5.  The fact that Mr. Dodson has not obtained the relief he seeks in state court does not mean that he has not had an adequate opportunity to present his federal claims in the state court proceedings.

Mr. Dodson "may overcome the presumption of abstention 'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown. . . .' "  *Phelps*, 122 F.3d at 889 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).  Courts have considered three factors in determining whether a prosecution is commenced in bad faith or to harass:

> (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

*Id.*  It is Mr. Dodson's " 'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment."  *Id.* at 890.

Mr. Dodson fails to demonstrate that the criminal case against him was commenced with no reasonable hope of success or any improper motivation for the charges.  Also, the fact that Mr. Dodson has not been granted all of the accommodations he sought in his state criminal trial proceeding, by itself, is not sufficient to establish harassment, a prosecution undertaken in bad faith, or an extraordinary circumstance where irreparable injury is shown.  *See Younger*, 401 U.S. at 46; *Dolack v. Allenbrand*, 548 F.2d 891, 894 (10th Cir. 1977).

There is strong support for finding that not only do state courts have concurrent jurisdiction over ADA claims but also that the ADA does not set forth a specific and uniquely federal right or remedy for the federal court to enjoin state court proceedings or issue an injunction for ADA purposes. *See Braverman v. New Mexico*, 2011 WL 6013587, *19 (D. N.M. 2011) (citing *Mitchum v. Foster*, 407 U.S. 225, 237 (1972) ("[T]o qualify as an expressly authorized exception to the anti-injunction statute, an Act of Congress must have created a specific and uniquely federal right or remedy, that could be frustrated if the federal court were not empowered to enjoin a state proceeding.") (internal quotation marks omitted)); *see Hapgood v. City of Warren,* 127 F.3d 490, 494 (6th Cir. 1997) ("State courts have concurrent jurisdiction over ADA claims."); *Zatarain v. WDSU–Television, Inc.,* No. 95–30604, 1996 WL 97105, at * 3 (5th Cir. Feb. 7, 1996) ("Zatarain concedes, as she must, that the Louisiana state courts have concurrent jurisdiction over Title VII and ADA claims. . . .").

The instant action will be dismissed because Mr. Dodson fails to allege facts that indicate he will suffer great and immediate irreparable injury if the Court does not intervene in the ongoing state court criminal proceedings.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Dodson files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint and action are dismissed without prejudice.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied.

DATED at Denver, Colorado, this   22nd   day of       May         , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court